FILED

DEC 2 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   AVIARA PARKWAY FARMS, INC. and          CASE NO. 08 CV 2301 JM (CAB)
     RANCHO SANTA FE PRODUCE, INC.,
12                                            ORDER:
                              Plaintiffs,     1) DENYING EX PARTE REQUEST
13        v.                                  FOR TEMPORARY RESTRAINING
                                              ORDER;
14                                            2) TO SHOW CAUSE WHY
                                              TEMPORARY RESTRAINING
15   AGROPECUARIA LA FINCA, S.P.R. de         ORDER SHOULD NOT ISSUE
     R.L.; RS INTERNATIONAL PRODUCE,
16   INC.; RICHARD SCHUMAKER, an              Doc. No. 4
     individual; VALLEY FRESH PRODUCE,
17   INC.; CHIQUITA FRESH NORTH
     AMERICA, LLC; JOSE "PEPE" GEFFROY,
18   an individual; TRINIDAD COTA ACOSTA;
     JOSE RAUL AVILES GERALDO;
19   ADRIANA LIBERTAD AVILES
     AHUMADA; JOSE LUIS PERPULI MEZA;
20   LOURDES ANGENLICA RODRIGUEZ
     MAYORAL; JOSE JESUS GONZALEZ
21   GONZALEZ; MIRTHA SUSAN
     GONZALEZ FEDERICO; JUANA
22   ANGELA POLONI TRAPLETTI;
     FRANCISCO ALBERTO PICCINI POLONI;
23   SALVADOR PENA VALLES; OSCAR
     HUMBERTO PENA OROZCO;
24   SALVADOR PELAYO LOPEZ;
     SALVADOR PELAYO CARDENAS, and
25   DOES 1 through 50, inclusive,

26                            Defendants.

27

28        Plaintiffs Aviara Parkway Farms, Inc. ("Aviara Farms") and Rancho Santa Fe Produce, Inc.

- 1 -

08cv2301

1   ("RSF Produce")(collectively, "Plaintiffs") filed a complaint on December 11, 2008, asserting causes

2   of action related to violations of the Perishable Agricultural Commodities Act of 1930 ("PACA"),

3   breach of contract, and intentional interference with contractual relations flowing from a contractual

4   relationship between Aviara Farms and Defendant Agropecuaria La Finca, S.P.R. de R.L. ("Finca").

5   (Doc. No. 1.)  On December 17, 2008, Plaintiffs submitted an ex parte application for temporary

6   restraining order ("TRO") under Fed. R. Civ. P. 65(b), or, alternatively, for preliminary injunction.

7   (Doc. No. 4, "Req.") As of December 23, 2008, service of the complaint had not been effected on any

8   of the named defendants.

9          In their ex parte application, Plaintiffs ask the court to issue an order restraining Defendants

10  Finca and Jose "Pepe" Geffroy from "[t]ransferring, transporting, assigning or selling any produce

11  grown or packed on the property managed, controlled, or owned by FINCA and shipped to the United

12  States to any party other than AVIARA FARMS for distribution within the United States," and to

13  "[t]urnover [sic] all produce grown by FINCA to AVIARA FARMS for distribution and sale within

14  the United States." (Req. at 2:17-25.)  In addition, Plaintiffs seek an order restraining Defendants RS

15  International Produce, Inc. ("RS International"), Richard Schumaker, Valley Fresh Produce, Inc.

16  ("Valley Fresh"), Chiquita Fresh North America, LLC ("Chiquita"), and Does 1-50, from "receiving,

17  distributing, transferring or assigning any produce grown by FINCA," and requiring them to "[p]rovide

18  an accounting of all FINCA produce received an/or sold in the United States" and "[t]urnover [sic] any

19  FINCA produce in their possession, custody or control to Plaintiff AVIARA FARMS." (Req. at 3:13-

20  14, 3:22-25.)

21  //

22  **I.  Background**

23         The court emphasizes it has not made any final factual determinations.  This background

24  section focuses on what is contained in the limited factual record before the court as well as the

25  allegations contained in the Complaint and ensuing papers.

26         In October 2006, Plaintiff Aviara Farms and Defendant Finca entered into a contract whereby

27  Aviara Farms would enjoy exclusive distribution rights for Finca produce. (Req. at 4, Exh. 1: "Grower

28  will deliver all produce grown by Grower to Aviara exclusively.")  In return, Aviara Farms and RSF

Produce provided loans to Finca to finance planting, growing, and harvesting of Finca produce. (Req.

08cv2301

at 4.) According to Plaintiffs, they are currently owed $755,063.65, plus interest thereon, in unpaid loans made under the contract and through promissory notes. (Req. at 4.) Over the past two years, the only method of loan repayment has been through Aviara Farms' distribution and sale of the produce. (Req. at 5.) Plaintiffs allege Finca is in dire financial straits and unable to repay any loan amounts with cash payments.

Beginning on or about October 23, 2008, Aviara Farms learned Finca produce was being marketed by distributor RS International Produce and its principal, Richard Schumaker. (Req. at 9:11-13.) This alternate distribution route was confirmed by officers of Finca. (Req. at 9:14-18.) Mr. Ukegawa, President of Aviara Farms, called Mr. Schumaker to inform him Aviara Farms held the exclusive distribution rights to Finca produce. (Req. at 10:29-11:8.) Mr. Schumaker represented during phone conversations on October 29 and November 8 that RS International would stop selling Finca produce. However, in late November, Aviara Farms learned Defendant Valley Fresh was selling Finca-labeled tomatoes it received on consignment from RS International. (Req. at 12:13-13:4.) Further, on November 22, 2008, Aviara Farms discovered Mr. Schumaker was distributing additional Finca produce under the "Cool Breeze" label. (Req. at 13:13-18.) On November 24 and December 1, Aviara Farms learned Defendant Chiquita was receiving and distributing Finca produce. (Req. at 13:19-22, 14:14-15.)

During this time period, Aviara Farms telephoned Defendants RS International, Richard Schumaker, Valley Fresh, and Chiquita, informing each of its exclusive arrangement with Finca. Plaintiffs also sent RS International and Chiquita each a written "cease-and-desist" letter. (Req. at 13:8-9, 14:4-5, Exh. 10, 13.) Even after these notices, RS International and Chiquita continued to receive and distribute Finca produce. On December 9, 2008, Plaintiffs sent Finca, RS International and Chiquita letters notifying them that Plaintiffs had filed the complaint and of their intent to seek a restraining order against them as soon as possible. (Req. Exh. 18.)

In addition, between late October and early December, at least two shipments of produce were manifested from Finca to Aviara Farms, but were never delivered. (Req. at 9:20-24, 12:6-10.) Finca, which represented it was in dire financial straits, failed to obtain a bank loan discussed with Plaintiffs, and instead took a loan of at least $450,000 at exorbitant interest rates from a Mexican individual, Jose "Pepe" Geffroy. (Req. at 10:10-11.) Further, on October 28, 2008, Finca indicated Geffroy, who is

08cv2301

1  not licensed under PACA, took over commercialization of Finca produce.  (Req. at 10:12-17.)

2  Plaintiffs allege Geffroy has repeatedly attempted to contact Plaintiffs' competitors (including the

3  named defendants and other distributors who declined Geffroy's solicitations) to market Finca

4  produce, in violation of the contract. (Req. at 11:21-24.)

5         Between the period of November 1, 2008 to December 3, 2008, Plaintiffs estimate Finca

6  shipped 38,417 boxes of tomatoes to the United States, only 8,816 of which were received by Aviara

7  Farms. (Req. at 14:19-21.)  Plaintiff asserts Chiquita has received 16,960 boxes and RS International

8  has received 12,641 boxes. (Req. at 14:22-24.)

9  //

10  **II. Discussion**

11        Federal Rule of Civil Procedure 65(b)(1) provides that a TRO may be issued without notice

12  to the adverse party or its attorney if:

13        (A) specific facts in an affidavit or a verified complaint clearly show that
          immediate and irreparable injury, loss, or damage will result to the movant
14        before the adverse party can be heard in opposition; and (B) the movant's
          attorney certifies in writing any efforts made to give notice and the reasons why
15        it should not be required.

16  FRCP 65(b)(1); see also Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974); Reno

17  Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

18        In their Complaint and moving papers, Plaintiffs provided the court with extensive and detailed

19  factual allegations regarding the contractual agreement between Aviara Farms and Finca, Finca's

20  repeated violations of the contractual provisions, Aviara Farms' actions informing distributors RS

21  International, Richard Schumaker, Valley Fresh, and Chiquita of that contract and its exclusive rights,

22  and the distributors' continued conduct.  Plaintiffs allege they will suffer irreparable injury without

23  issuance of a temporary restraining order because "FINCA produce is of limited quality, perishable,

24  subject to market price fluctuations, and the sole source of repayment of the loans made by Plaintiffs

25  to FINCA." (Req. at 15:21-24.)  In addition, Plaintiffs note that on or about December 1, 2008, Aviara

26  Farms received by facsimile a letter from Finca purporting to terminate the contract without having

27  repaid all loan amounts as required by the contract terms. (Req. Exh. 16.)  Despite Plaintiffs' repeated

28  attempts to encourage performance of the contract by Finca and to discourage interference by RS

International, Richard Schumaker, Valley Fresh, and Chiquita, the alleged wrongful conduct has

- 4 -                                                                08cv2301

1  continued.

2      With respect to the first prong of Rule 65(b)(1), the court finds that, given the nature of the

3  goods at issue and the state of the relationships between the parties, Plaintiffs have shown a sufficient

4  threat of irreparable injury or loss to support a temporary restraining order.

5      Moving to the second prong under Rule 65(b)(1), while Plaintiffs did send letters to Defendants

6  Finca, Valley Fresh, RS International, Richard Schumaker, and Chiquita which included copies of the

7  complaint and discussed Plaintiffs' intent to seek a restraining order (Req. Exh. 18.), no formal service

8  has been effected to date, even on the domestic defendants, and there is no evidence in the record to

9  show the letters were actually received.  Plaintiffs provide no written certification of their efforts to

10  give notice.  Further, Plaintiffs make no showing beyond their irreparable harm arguments as to why

11  relief should be granted without notice.  Because Plaintiffs have not met their burden under Rule

12  65(b)(1)(B), the immediate request for TRO without notice is therefore denied without prejudice to

13  further application or showing.

14      Outside the Rule 65(b) mechanism, the Ninth Circuit tests governing preliminary injunctions

15  also apply to TROs.  See, e.g., Superior Servs., Inc. v. Dalton, 851 F. Supp. 381, 384-85 (S.D. Cal.

16  1994).  Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination

17  of probable success and the possibility of irreparable harm, or (2) the party raises serious questions and

18  the balance of hardship tips in its favor.  Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th

19  Cir. 1987).  "These two formulations represent two points on a sliding scale in which the required

20  degree of irreparable harm increases as the probability of success decreases."  Id. (internal quotation

21  marks omitted).  Under both formulations, however, the party must demonstrate a "fair chance of

22  success on the merits, or questions serious enough to require litigation," and a "significant threat of

23  irreparable injury."  Id.; see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (party

24  seeking preliminary injunction must demonstrate inadequacy of legal remedies).  Given the

25  preliminary showing by Plaintiffs discussed above, the court finds an expedited hearing on Plaintiffs'

26  current application is warranted.

27  //

28  //

//

08cv2301

## III. Conclusion

For the reasons stated above, the court:

1) **DENIES** without prejudice Plaintiffs' request for a TRO without notice to defendants under Rule 65(b); and

2) deems the preliminary showing to raise a question sufficient to justify a short-setting on the application for injunctive relief. Accordingly, the court **SETS** a hearing for **January 5, 2009 at 10:00 a.m.** in Courtroom 16 at which time all defendants who have been provided with notice **not later than December 31, 2008** shall show cause, if any, as to why the requested injunctive relief should not be granted. The court will consider any written opposition from noticed defendants submitted prior to the hearing date.

**IT IS SO ORDERED.**

DATED: _____12/23_____ , 2008

JEFFREY T. MILLER
United States District Judge

- 6 -

08cv2301