UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIARA PARKWAY FARMS, INC. and RANCHO SANTA FE PRODUCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AGROPECUARIA LA FINCA, S.P.R. de R.L.; RS INTERNATIONAL PRODUCE, INC.; RICHARD SCHUMAKER, an individual; VALLEY FRESH PRODUCE, INC.; CHIQUITA FRESH NORTH AMERICA, LLC; JOSE "PEPE" GEFFROY, an individual; et al., <br><br> Defendants. | CASE NO. 08 CV 2301 JM (CAB) <br><br> **ORDER:** <br> **1) GRANTING MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANTS FINCA, SCHUMAKER, and RS INTERNATIONAL (Doc. No. 4); and** <br> **2) DENYING MOTION TO STRIKE (Doc. No. 20)** |

Plaintiffs Aviara Parkway Farms, Inc. ("Aviara Farms") and Rancho Santa Fe Produce, Inc. ("RSF Produce")(collectively, "Plaintiffs") filed a complaint on December 11, 2008, asserting causes of action related to violations of the Perishable Agricultural Commodities Act of 1930 ("PACA"), breach of contract, and intentional interference with contractual relations flowing from a contractual relationship between Aviara Farms and Defendant Agropecuaria La Finca, S.P.R. de R.L. ("Finca"). (Doc. No. 1.) Defendants include Finca, various associates of Finca, and U.S.-based produce distributors RS International Produce, Inc. ("RS International"), Richard Schumaker (principal of RS International), Valley Fresh Produce, Inc. ("Valley Fresh"), and Chiquita Fresh North America, LLC

1  ("Chiquita"). On January 5, 2009, the court granted a temporary restraining order ("TRO") and set
2  hearing on the preliminary injunction motion for January 29, 2009. (Doc. No. 11.) Based on an
3  evaluation of all supporting documents filed by the parties and the arguments of those appearing
4  before the court at the hearing, the court **GRANTS** Plaintiffs' request for a preliminary injunction as
5  against Defendants Finca, Schumaker, and RS International, and **DENIES** without prejudice the
6  request as against all other defendants.

7  Also pending before the court is Defendant Schumaker's motion to strike portions of
8  declaratory evidence submitted by Plaintiffs in support of their motion. (Doc. No. 20). For the
9  reasons set forth below, the court **DENIES** the motion to strike.

10 //

11 **I. Background**

12  The court incorporates by reference the factual background set forth in its January 5, 2009
13 order. (Doc. No. 11.) Such findings, and any further preliminary factual findings recited below, are
14 made only for the purposes of considering the preliminary injunction motion.

15  In 2006, Plaintiff Aviara Farms entered into a contract with Finca giving Aviara Farms
16 exclusive distribution rights to Finca-grown produce. ("Contract," Exh. 21.[1]) Although the Contract
17 does not obligate Plaintiffs to provide loans to Finca, the parties clearly contemplate loans as contract
18 termination is conditioned on Finca's repayment of any outstanding debt.[2] (Exh. 21 at ¶ 14A.) Over
19 the past several years, Aviara Farms and RSF Produce (both run by James Ukegawa) advanced funds
20 on a weekly, and sometimes daily, basis to support Finca's growing operations. From the parties'
21 course of dealing, proceeds from the produce sales were used to pay down the debts owed Plaintiffs.
22 Plaintiffs allege Finca currently owes more than $750,000 in outstanding loans and unpaid promissory
23 notes plus 10% monthly compounded interest thereon. (Exhs. 3, 4, 29.)

---

[1] Exhibit numbers contained herein refer to Plaintiffs' exhibits submitted in support of the motion in Doc. Nos. 4, 15, and 28.

[2] The Contract states, "Before termination of this agreement can take effect Grower must repay any loans (with appropriate interest charges) taken by Grower from Robyn Farms, Inc., Rancho Santa Fe Produce, Inc., and Black Mountain de Mexico SA de C.V." (Exh. 21 at ¶ 14A.) The Contract does not mention termination hinges on repayment of loans to Aviara Farms.

A contract dispute arose between Finca and Aviara Farms during the fall of 2008. At some point prior to November 17, Aviara Farms sent Finca a letter stating Finca owed $770,000 and Finca bristled at the alleged amount due. (Exh. 16.) Finca responded by letter dated November 17 requesting (allegedly for the third time) a detailed accounting pursuant to the contract terms and suggesting Aviara Farms arrived at the "preposterous" amount due through accounting errors. (Exh. 16.) As a result, Finca purported to terminate the contract. (Exh. 16.) Aviara Farms received the termination letter first by fax on December 1 and then by DHL courier on December 12. (2nd Suppl. Decl. of J. Ukegawa at ¶ 6.) Aviara Farms responded by letter dated December 8 indicating the accounting had been prepared and Finca had been informed on several occasions it was available for pick-up. (Exh. 17.) Further, Aviara Farms contested the validity of Finca's termination in light of the loan repayment clause. (Exhs. 17, 21.)

Between October 23 and December 27, Plaintiffs learned Finca was diverting significant amounts of produce to other domestic distributors, including RS International (also operating under the "Cool Breeze" and "Nuevo Amanecer" labels), Chiquita, and Valley Fresh. (Decl. and Suppl. Decl. of J. Ukegawa.) On January 10, 2009, Plaintiffs received confirmation from Finca that it transferred nearly 100,000 boxes to produce to distributors other than Aviara Farms during that period. (Exh. 28.)

From the evidence before the court, Schumaker and RS International were distributing Finca produce as early as October 23 and continued to do so after Aviara Farms gave them verbal notice on October 29 and written notice on November 8 of its exclusive contract with Finca. (Req. at 11, 13; Exh. 27 at 1.)

Aviara Farms learned Valley Fresh was distributing Finca produce during the week of November 17. (Decl. of J. Ukegawa.) Aviara Farms gave Valley Fresh notice of the Contract by phone on November 18, at which time Aviara Farms learned Valley Fresh was distributing produce it had purchased from RS International. (Decl. of J. Ukegawa.)

Chiquita alleges it has an exclusive marketing arrangement with Finca which was initiated November 18, 2008 (the day after the purported termination of the Contract by Finca). (Doc. No. 9 at ¶ 14-15.) As part of that agreement, Finca "expressly warranted that the Produce 'is not subject to any other agreement under which it must be marketed, nor is it subject to pledges, attachments, nor

1  any other limitation of ownership'" and "warranted that 'to this date, no agreement is in force, through
2  which any third party is entitled to distribute [the Produce]...'" (Doc. No. 9 at ¶ 16-17.) Chiquita did
3  not receive any produce from Finca prior to the date of this agreement. (Exh. 28.)

Schumaker and Chiquita have been served and have appeared. RS International was served January 6 but has not appeared since it is a suspended corporation. (Doc. No. 15 at 12; Exh. 19.) Valley Fresh was served on December 29 and has not appeared in this matter. (Doc. No. 15 at 12.) Finca may have been served on January 10 through one of its principals but has not appeared and submitted no opposition to the pending motion. (Doc. No. 15 at 11.) No other defendants have been served; to the extent injunctive relief has been requested against these unserved parties, the request is denied without prejudice.

//

## II. Plaintiffs' Showing under *Arcamuzi*

### A. Legal Standards

Preliminary injunctive relief may be granted if: (1) the moving party demonstrates a combination of probable success on the merits and the possibility of irreparable harm; or (2) if that party raises serious questions and the balance of hardship tips in its favor. Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. (internal quotation marks omitted). Under both formulations, however, the movant must demonstrate a "fair chance of success on the merits, or questions serious enough to require litigation," and a "significant threat of irreparable injury." Id.; see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (party seeking preliminary injunction must demonstrate inadequacy of legal remedies).

### B. Analysis

Plaintiffs allege breach of contract claims (among others) against Finca, and brings claims against the domestic distributors for PACA violations (which involve fraud) and intentional interference with contract. Plaintiffs have shown a probability of success on the merits with respect to Finca, Schumaker, and RS International, but have not met this burden with respect to Valley Fresh or Chiquita. From the evidence before the court, Plaintiffs have demonstrated a likelihood it will

- 4 -                                                                                          08cv2301

succeed in showing Finca breached the Contract. Further, Schumaker and RS International admit they distributed Finca produce. Also, it appears these parties continued to conduct business with Finca after being made aware of Plaintiffs' contract rights and before the purported termination by Finca.

For Valley Fresh and Chiquita, the court draws a contrary conclusion. At this point, Plaintiffs have not alleged Valley Fresh continued dealing in Finca produce after it was made aware of Aviara Farms' exclusive distribution agreement. In addition, there is no indication Valley Fresh ever did business with Finca directly so the relationship between the relief sought and Valley Fresh's conduct is rather attenuated. The evidence suggests Chiquita did not act in bad faith but rather acted based on Finca's representations that no third parties held an interest in the produce. In addition, despite Chiquita's position it holds a superior interest in the Finca produce, Chiquita has made every effort to comply with the TRO and indicated it has no intention of obtaining more Finca produce. (Doc. No. 26 at 7.) For Valley Fresh and Chiquita, then, Plaintiffs have not shown a strong probability of success on the merits.

The court's preliminary findings also indicate legal remedies would be inadequate to Plaintiffs and they would suffer irreparable harm without injunctive relief. First, Finca's allegedly tenuous financial position and status as a Mexican organization may thwart any attempts to recover a potential monetary award. See Lakeview Tech., Inc. v. Robinson, 446 F.3d 655, 657 (7th Cir. 2006) ("A judgment-proof defendant is not deterred by the threat of money damages, so some other remedy (such as the contempt power) may be essential."). In addition, even where goods appear fungible, injunctive relief is appropriate where monetary damages are uncertain. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18 (1st Cir. 1996) (where a plaintiff suffers "substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel"). The commodities here are perishable agricultural goods, which are of limited quantity and subject to market price fluctuations, rendering calculation of damages uncertain. Finally, the threat of irreparable injury to Plaintiffs is imminent. See Caribbean Marine Serv. Co., v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Given the daily and weekly frequency of Finca's produce distribution, Finca's concerted past efforts in seeking alternate distributors, and Schumaker's willingness to participate, Plaintiffs are faced with an immediate threat of further diversion of produce and loss of

1  contract performance. For these reasons, Plaintiffs have shown a sufficient threat of irreparable injury
2  or loss to support a preliminary injunction.

3  Finally, as to Schumaker and RS International, the balance of hardships favors Plaintiffs.
4  Plaintiffs face the undermining of a long-term, exclusive contract and the loss of any means to recoup
5  its investment in Finca's growing operations. Schumaker and RS International have not provided the
6  court with any evidence of contractual agreements with or financial investments in Finca, nor have
7  they provided any declaratory evidence indicating they will endure any hardship beyond having to
8  stop conducting business with Finca. In contrast, although Chiquita does not allege any outstanding
9  debt owed them by Finca, it does stand to lose out on the proceeds of its own allegedly exclusive
10 contract with Finca for the 2008-2009 growing season. Chiquita and Plaintiffs face similar hardships
11 in this regard.
12 //

13 **III. Defendant Schumaker's Motion to Strike (Doc. No. 20)**

14 Defendant Schumaker moves to strike portions of the declaration of James S. Ukegawa filed
15 by Plaintiffs in support of the preliminary injunction. In particular, Schumaker complains about
16 Ukegawa's estimates of the number of boxes of produce shipped by Finca to RS International and
17 Chiquita and the value thereof, alleging such statements are based on hearsay by unnamed "sources
18 within the Finca shed." Plaintiffs argue the contested statements are not hearsay. (Doc. No. 27.)

19 Regardless of whether the contested statements are hearsay, the motion to strike is denied. In
20 preliminary injunction proceedings, courts often accept hearsay and other inadmissible evidence when
21 to do so will prevent irreparable harm. Flynt Distributing Co. v. Harvey, 734 F.2d 1389, 1394 (9th
22 Cir. 1984). Such evidence may be considered when, "weighing all the attendant factors, including the
23 need for expedition, [the] type of evidence [is] appropriate given the character and objectives of the
24 proceeding." Asseo v. Pan American Grain Co., 805 F.2d 23, 26 (1st Cir. 1986). Not surprisingly,
25 preliminary injunction "is customarily granted on the basis of procedures that are less formal and
26 evidence that is less complete than in a trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390,
27 395 (1981). See also Fed.R.Civ.P. 65(a)(2) (suggesting not all evidence considered in the preliminary
28 injunction context "would be admissible upon the trial on the merits").

1    In this case, the questioned evidence comes in the form of declarative statements by Aviara
2  Farms' principal and consistent supporting documentation (including photos of labeled boxes and
3  various correspondence to Aviara Farms from Finca).  Given the expeditious and complex nature of
4  this proceeding, the declarative evidence has been considered by the court.
5  //

## IV.  Conclusion

7    For the reasons set forth above, the court hereby **GRANTS** Plaintiffs' request for a preliminary
8  injunction as against Defendants Finca, Schumaker, and RS International, and **DENIES** without
9  prejudice the request as against all other defendants.  The court therefore **ORDERS:**

**AS TO DEFENDANT AGROPECUARIA LA FINCA S.P.R. de S.R. ("Finca"):**

1) Defendant Finca, its agents, subsidiaries, successors, assignees, principals, associates, employees, attorneys and persons acting in concert with it, are hereby restrained from engaging in, committing, or performing, directly or indirectly, any or all of the following acts, until further court order:  transferring, transporting, assigning or selling any produce grown by Finca and shipped to the United States to any party other than Aviara Farms for distribution within the United States.

2)  Defendant Finca, its agents, subsidiaries, successors, assignees, principals, associates, employees, attorneys and persons acting in concert with it, are ordered and instructed to turn over all produce grown by Finca to Aviara Farms for distribution and sale within the United States.

//

**AS TO DEFENDANTS RICHARD SCHUMAKER AND RS INTERNATIONAL PRODUCE, INC. ("RS International"):**

1) Defendants Richard Schumaker and RS International, their agents, subsidiaries, successors, assignees, principals, associates, employees, attorneys and persons acting in concert with them, are restrained from engaging in, committing, or performing, directly or indirectly, any or all of the following acts, until further court order:  receiving, distributing, selling, transferring or assigning any produce grown by Finca.[3]

//

---

[3] To the extent Plaintiffs have requested an accounting from the domestic distributors, that request is denied.  The court anticipates such information will be revealed through future discovery efforts and, possibly, arbitration proceedings.

The court further **ORDERS**:

1) This Preliminary Injunction shall remain in effect until further order of the court.

2) Plaintiffs shall post a security deposit with this court in the amount of $50,000 before 5:00 p.m. on February 4, 2009.

3) Plaintiffs shall serve Defendants with a copy of this order, and Plaintiffs' ex parte application and supporting papers, to the extent such service has not already been effected.

4) This Preliminary Injunction shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this order by personal service or other acceptable means of service.

**IT IS SO ORDERED.**

DATED:  February 2, 2009

Hon. Jeffrey T. Miller
United States District Judge