UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIARA PARKWAY FARMS, INC. and RANCHO SANTA FE PRODUCE, INC., <br><br> Plaintiffs, <br> vs. <br><br> AGROPECUARIA LA FINCA, et al., <br><br> Defendants. | Case No. 8-cv-2301-JM-BLM <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE** <br><br> Docket Nos. 106-07 |

**I. BACKGROUND**

In August of 2010, the court entered default judgment against Agropecuaria La Finca, S.P.R. de R.L. ("La Finca") and Jose Raul Aviles Geraldo. Included in that order was a permanent injunction

> restraining Defendant LA FINCA, its agents, subsidiaries, successors, assignees, principals, associates, employees, attorneys and persons acting in concert with it, from engaging in, committing, or performing, directly or indirectly, any or all of the following acts: transferring, transporting, assigning or selling any produce grown by LA FINCA and shipped to the United States to any party other than AVIARA for distribution in the United States.

Plaintiffs recently filed a motion claiming that the permanent injunction has been violated by Jose Jesus Gonzalez Gonzalez, individually and doing business as Gonimver Produce S.P.R. de

R.L. ("Gonzalez"), Salvador Pelayo Lopez, individually and doing business as La Gravilla S.P.R. de R.L. ("Pelayo Lopez"), and DG Sales, Inc., doing business as The Growers Connection ("The Growers Connection" or "GC") (Gonzalez and Pelayo Lopez are referred to collectively as the "Farmers," and the Farmers and GC are collectively referred to as "Defendants"). According to the motion, the Farmers were two of the seven principals of La Finca. Plaintiffs allege that after the permanent injunction was issued, La Finca disbanded, but the Farmers continued to use the same land and buildings to grow and pack produce. Plaintiffs claim that the Farmers have violated the injunction by shipping tomatoes to GC rather than to Plaintiffs.

Defendants have specially appeared and have stipulated with Plaintiffs in open court that Defendants' papers may be deemed a motion to quash service because Plaintiffs did not personally serve them with process, instead serving Defendants' attorneys. For the reasons stated below, the motion is GRANTED.

**II.  LEGAL STANDARD AND DISCUSSION**

Plaintiffs argue that Defendants' attorneys had implied authority to accept service of process. The argument relies on Plaintiffs' claims that before they were served, Defendants' attorneys had made clear that they were representing Defendants in this matter. In support, Plaintiffs discuss one case, In re Focus Media Inc., 387 F.3d 1077 (9th Cir. 2004), which held that in some situations, attorneys can have implied authority to accept service of process.

However, as Defendants pointed out at hearing, In re Focus Media requires a much stronger showing of implied authority than exists here. The court there examined three factors that indicated service had been impliedly authorized: (1) the party's attorney in that case "was extensively involved in the underlying bankruptcy proceeding"; (2) in the underlying proceeding, the attorney had been served with process as an agent without any objection, and (3) the party had submitted a declaration in a previous state court proceeding stating that the attorney was his general counsel and had "been consulted on a variety of legal matters and [had] been made privy

to confidential financial, tax, and legal information." Id. at 1084.  Further discussing the third point, the court noted that "an agent's authority to act cannot be established solely from the agent's actions." Id.  Clarifying the importance of the existence of factors such as these, one district court recently noted that "the attorney-client relationship by itself is insufficient to convey authority to accept service." Kruska v. Perverted Justice Foundation, Inc. 2009 WL 4041941 at *2 (D. Ariz. 2009) (explaining that the "record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service").

Here, Plaintiffs have failed to demonstrate that Defendants and their attorneys have a relationship that extends beyond a typical attorney-client relationship, and there is no indication that Defendants have made any statements granting their attorneys authority to accept service of process.

Plaintiffs also seem to argue that service on the Farmers' attorney should be acceptable because it is "a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f). However, that argument ignores the rest of Rule 4(f), which directs service of process to be completed through the Hague Convention.  Thus, service through "a method that is reasonably calculated to give notice" is only acceptable if allowed by the Hague Convention.[1]

## III. CONCLUSION

Service of process on Defendants' attorneys was improper, and to the extent that Plaintiffs' brief asks the court to authorize service on Defendants' attorneys under Rule 4.1, that request is unsupported by case law authority and is denied.[2]  In order to proceed, Plaintiffs must

---

[1] While the court declines to direct a specific method of service absent more complete briefing on the issue, a recent district court decision in the Ninth Circuit held that service must be accomplished through Mexico's central authority, and that Mexico does not allow other methods under the Hague Convention.  Barnett v. Miguel, 2011 WL 4738555 at *1(D. Idaho 2011) (citing to recent law review article that "makes clear that Mexico's Central Authority does not permit alternative service").

[2] Plaintiffs' brief seems to assume that if service on Defendants' attorneys was improper, service must be accomplished through the procedure set forth in Rule 4.1.  Again declining to decide the issue due to insufficient briefing, the court notes that attempting to serve a nonparty for contempt of a prior

effect proper service on the Farmers and GC. The court recognizes Plaintiffs' frustration with being forced to serve parties it believes have acted in concert with parties to the original case, but allowing circumvention of proper service here would necessitate assuming the correctness of the facts alleged in Plaintiffs' motion for contempt. The court cannot do so. The motion to quash service is GRANTED.

**IT IS SO ORDERED.**

DATED: March 23, 2012

Jeffrey T. Miller
United States District Judge

---

injunction has been viewed by some courts as analogous to filing a completely new action, perhaps indicating that a summons is required and service under Rule 4 would be proper. See In re Estate of Ferdinand Marcos Human Rights Litigation, 94 F.3d 539, 545 (9th Cir. 1996) (explaining that in seeking to charge a nonparty with contempt, "that party must be served with process as in any other civil action") (quoting 11A Wright, Miller & Kane, Federal Practice & Proc.: Civ. 2d § 2960 (1995)).